COVINGTON & C. BRIDGE CO. v. GEORGE A. MAGRUDER ET AL.

1. MONEY DEPOSITED IN COURT ON AWARD OF JURY IN APPROPRIATION NEED NOT BE REFUNDED BY LAND OWNER BEFORE PROCEEDING TO SECOND TRIAL.

A company which has appropriated land and paid into court the amount of compensation fixed therefor, under a stipulation that the money may be withdrawn by the landowner without prejudice to any other right, may be required in the discretion of the court to proceed to a second trial without a refunder by the landowner, of the amount of the first award withdrawn by him.

2. ON REMAND OF APPROPRIATION CASE BY SUPREME COURT, COMMON PLEAS MAY RETAIN SAME FOR FINAL JUDGMENT ON REVERSAL OF PROBATE.

The Supreme Court (in *Covington & C. Bridge Co.* v. *Magruder*, 63 Ohio St. 455, and *State* v. *Hamilton Co. (Judges)* 69 Ohio St. 372, having remanded a condemnation case to the common pleas court for retrial, "as provided by law," the common pleas court, under Rev. Stat. 6438 (Lan. 10015), may retain the case for trial and final judgment if it reverse the judgment of the probate court.

[Syllabus approved by the court.]

Hamilton County.

Error to Hamilton common pleas court.

**Maxwell & Ramsey,** for plaintiff in error.

**Harmon, Colston, Goldsmith & Hoadly, Harper & Allen** and **Richards & Richards,** for defendants in error.

JELKE, J.

We find no error in the action of the trial court in the second proceedings in requiring the plaintiff in error to proceed to a hearing and trial without requiring a refunder of the amount of the first award withdrawn from the depository of the court. This withdrawal had been made under a stipulation by the parties that it was to be without prejudice to any other rights. The Covington & Cincinnati Bridge Company had ceased to pay rent under the lease, and were in possession of the premises, practically as the absolute owner in fee simple, and said bridge company was satisfied to let the award made theretofore in the probate court stand and was endeavoring to preserve that award and prevent a re-examination in the court of common pleas of the question as to the amount of compensation to be paid to Magruder and others. It is true that there was an apparent inconsistency on the part of Magruder and others in holding on to this money, and at the same time insisting upon a re-examination of the question as to how much they were entitled to, and yet they stated that in the event of a smaller award they stood ready and were able to refund the difference.

We think that this was a matter largely addressed to the discretion of the court, and in all events was a matter which could be provided for in the court's judgment when the amount of the award had once been finally fixed. Further, even if there were any error in this regard, it turned out to be without prejudice, because the award of the jury was largely in excess of the amount so withdrawn from the depository, if the proceedings leading up to said award were without error.

If then we find no error in the second proceedings in submitting this question to the jury, there will be no error in requiring the plaintiff in error to proceed to a hearing without requiring such refunder.

The trial court did not err in refusing to consider the errors assigned upon the first proceedings in error, and in failing and refusing to set aside the first judgment, and in failing and refusing to affirm the judgment of the probate court. It is plain from the language of the opinions of the Supreme Court in the case of *Covington & C. Bridge Co.* v. *Magruder,* 63 Ohio St. 455 [59 N. E. Rep. 216], and *State* v. *Hamilton Co. (Judges)* 69 Ohio St. 372, 378 [69 N. E. Rep. 659], where the Supreme Court says that when it remanded the cause to the court of

common pleas for trial as provided by law, it meant the provision of law contained in Rev. Stat. 6438 (Lan. 10015), which provides that if the court of common pleas upon the hearing of the cause reverses such judgment, it shall retain the cause for trial and final judgment. We think that the trial court below followed the instructions of the Supreme Court and did right in this regard. The trial in other respects was routine and the questions as to value, stereotyped.

We find no error in the special charges or the charge of the court; neither was any error in this regard strenuously urged at the argument. The court did not err in overruling the motion for a new trial. Having disposed of all the questions antecedent to the trial to the jury below, we find no prejudicial error in the trial to the jury, and are therefore of the opinion that the judgment of the court of common pleas should be affirmed.

**Swing** and **Giffen, JJ.,** concur.